2021 JUN 18 PM 1:53

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

## IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
## CIVIL DIVISION

**LINDA GRAYS**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　Case No. 09CV-21-42-4

**CLEARWATER PAPER CORPORATION**　　　　　　　　　　　　**DEFENDANT**

## COMPLAINT

Comes now, Plaintiff, Linda Grays, by and through her attorneys, Bequette, Billingsley & Kees, P.A., and for her Complaint, states:

### PARTIES AND JURISDICTION

1.　　Plaintiff resides at 500 North Main Street, Dermott, Chicot County, Arkansas.

2.　　Defendant, Clearwater Paper Corporation ("Clearwater"), is a for-profit corporation registered to do business in the state of Arkansas. Per the Arkansas Secretary of State, Clearwater can be served with this litigation through its registered agent, United Agent Group Inc., 609 Southwest 8th Street #600, Bentonville, Arkansas 72712.

3.　　Clearwater has a business location in McGehee, Desha County, Arkansas, as well as a mill in Arkansas City, Desha County, Arkansas.

4.　　Plaintiff was employed by Clearwater and worked at the mill in Arkansas City at all times relevant.

5.　　Plaintiff is a resident of Chicot County, Arkansas, and venue is therefore proper in this Court pursuant to Ark. Code Ann. § 16-60-101, *et seq.*

6.　　This action is brought for violations of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.*



EXHIBIT A

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and timely brought this suit following the receipt of her Dismissal and Notice of Rights letter.

8. This Court has jurisdiction over this matter.

## FACTS

9. Plaintiff began her employment with Defendant in or around 1988, when Defendant was previously under the name Potlatch.

10. Plaintiff has been a dedicated employee since 1988, serving without incident and with good performance at all times.

11. Plaintiff was discharged from Defendant in or around October 2, 2020.

12. Plaintiff is a black female and was born in 1963; she is 58 years old.

13. Compared to her coworkers at Clearwater, Plaintiff is older and one of few females in a male-dominated workplace.

14. At Plaintiff's time of discharge, she was a full time employee and she received an hourly rate of roughly $31.20 an hour, with benefits.

15. On June 6, 2017, Plaintiff filed a grievance with Defendant related to a disparity in pay because of her sex, female. Plaintiff was one of only roughly three women holding her position, and all women were paid substantially less than their male counterparts. The grievance related to Plaintiff being paid less, for the same work, on account of her sex.

16. The filing of the grievance was a protected activity under state and federal laws, and Plaintiff's grievance caused some of the actions by Defendant to be remedied, but not all.

17. After filing the grievance, Plaintiff began to see the management treated her poorly, all because of her filing the grievance to ensure equal pay on the basis of equal work. Plaintiff should not have been retaliated against for this protected activity. She was.

18. In or around September 14, 2020, Plaintiff was assaulted by a coworker, Larry Simons. Mr. Simons is roughly 38 years of age and is a male.

19. While Mr. Simons was the aggressor, and in violation of company policies by his actions, he was not terminated.

20. Instead, Plaintiff was terminated for the incident, while Mr. Simons, the aggressor and instigator, was only reprimanded, but not terminated. Mr. Simons, substantially younger and a male, was treated differently.

21. Mr. Simons, a similarly situated employee to Plaintiff, was not terminated for his actions, but instead, Plaintiff was terminated.

22. This disparate treatment was due to Plaintiff's sex, female, and age, well over 40 years of age.

23. Plaintiff was terminated because of her previous grievance filed in 2017 which was retaliatory, and because she was a woman well over forty, while the other individual involved was under 40 and a male. There is no justification for Defendant's action except discrimination.

24. The acts by Defendant against Plaintiff were in violation of the Arkansas Civil Rights Act ("Act").

25. Plaintiff is an "employee" under the Act.

26. Defendant is an "employer" under the Act.

27. Plaintiff engaged in protected activity under the Act, and otherwise was discriminated against in violation of the Act.

## COUNT 1

28. Plaintiff restates and realleges all preceding allegations as set forth herein.

29. By virtue of the facts alleged herein, Plaintiff has been discriminated against on the basis of her engaging in protected activity, based on her gender, and based on her age.

30. By virtue of the facts alleged herein, Plaintiff has lost wages, lost earning capacity, and endured mental, emotional, and physical suffering.

31. Plaintiff brings this litigation under the Act and all appropriate remedies set forth therein.

32. Defendant willfully violated the Act.

## JURY DEMAND

33. Plaintiff asks for a trial by jury on all matters triable by a jury.

WHEREFORE, Plaintiff, Linda Grays, prays for entry of judgment against the Defendant, for all damages sustained by Plaintiff, for reinstatement and back pay, for front pay, for compensatory damages, for Plaintiff's attorney's fees and costs incurred herein; and for all other appropriate relief to which Plaintiff may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: ckees@bbpalaw.com

By: *Cody Kees*
Cody Kees, Ark. Bar No. 2012118

*Attorneys for Plaintiff*